JUDGE WOOD
DELIVERED THE OPINION OF THE COURT:
Aii execution of fieri facias was issued from the office of the clerk of the circuit court for the county of Harrison, on the 16th day of February, 1858, in favor of appellant, against the estate of J. V. Risk and others, for the sum of $2,080 98, with interest from the 13th day of November, 1857, until paid, and 50 cents cost, directed to the sheriff of Scott county, returnable on the first Saturday in April next after its date, credited by $1,200.
Said execution, whilst in full force, was placed in the hands of Elhanon Chinn, a deputy of appellee, who was at the time sheriff of the county of Scott, for levy and collection.
The sheriff and his deputy failed “ to return the same b}"- the return day thereof.”
This was a motion made by appellant, to the court whence said execution issued, to fine the sheriff, not exceeding fifty dollars, for the failure aforesaid, three days previous notice of the motion being given.
It is a proceeding under see. 2, art. 18, chap. 36, Rev. Statutes, page 329.
The motion was dismissed, and judgment rendered in favor of the defendant therein for his costs, by the circuit court.
This judgment was rendered, as we presume, upon the opinion entertained by the judge of the circuit court, that the writ of execution mentioned in the section of the statute above referred to was a writ intended for the enforcement of a decree in chancery, and not a writ of fieri facias issued upon a common law judgment, or one recovered by ordinary proceedings, according to the mode of procedure prescribed by the Civil Code.
According to the old chancery practice, where a party was required to obey a decree or order of the court, it was neces-saiy, before he could be brought into contempt for not obeying it, that he should be served with a writ under the great seal commanding his obedience.
The writ, thus served, was termed a “ writ of execution,” and after reciting the order or decree of the court, (either final or interlocutory,) or the substance thereof, or some part thereof, *587 required obedience to so much of the ordering part as was recited in the writ, and concerned the party to perform.
Anciently the performance of a decree or order of a court of chancery, like the appearance of a party to the subpoena, could only be enforced by what was termed process of contempt. The use or office of the writ of execution was to bring the party into contempt, if he failed to perform the decree or order. (Daniell's Chancery Practice, vol. 2, page 699, et passim.)
The practice remained the same in England until the promulgation of the orders of the 10th May, 1839.
“ Those orders have made an important alteration in the law of the court (chancery) in this respect, by providing the forms of writs of fieri facias, elegit, and venditioni exponas, similar to those adopted by courts of law, which a party may resort to for the purpose of obtaining satisfaction of any pecuniary demand, to which he may have succeeded in establishing his right in the court of chancery, in the same manner that a plaintiff in court of common law is empowered to sue out execution upon a judgment there entered up.” (2 Daniell, supra.)
But the “ writ of execution,” which was a part of the old practice as described above, was never in use in this state, so far as we are aware. That it could have been used we do not doubt, but we do not think it ever was. The practice in Kentucky has been to serve the defendant with a copy of the decree or order, obedience to which is required of him. For this reason it is not probable that this old writ'of execution is the one referred to in the statute.
The rule for the construction of statutes, which requires that former statutes upon the same subject shall be looked to, is a salutary one. It is particularly so in construing a revision.
The sec. 2, art 18, chap. 36, Rev. Stat., is a substantial re-enactment of the 34th section of the act entitled, “An act to reduce into one the several acts, and parts of acts, concerning executions, and for the relief of insolvent debtors,” approved 19th December, 1796. (Littell's Laws, vol. 1, page 551.)
The identical form of expression for the designation of the process, for the failure to return which a fine may be imposed upon the officer, is used in that section which is used in the *588 section of the Revised Statutes now ■under consideration. In each it is “any writ of execution or attachment for not performing a decree in chancery.” And in each the offense is the same, viz : failure to return by the return day of the process.
In a subsequent part of section 34 of the act of 1796, this expression is found: “It shall be lawful for the court * * * * to fine such sheriff or other officer at their discretion, in any sum not exceeding five pounds per month, for every hundred pounds contained in the judgment or decree on which the execution or attachment so by him detained was founded.”
This renders it perfectly certain that the “ writ of execution” mentioned in the beginning of the section was an execution issued upon a judgment at law. And it seems to us equally certain that the “ writ of execution” mentioned in the section of the Revised Statutes is the same kind of writ.
We do not doubt that the legislature, in the adoption and enactment of the latter section, intended to confer, and did confer, power upon the courts, whence executions issued upon judgments at law or in ordinary proceedings, to impose a fine not exceeding fifty dollars upon an officer in whose hands such an execution should be placed “ to execute,” if he should fail to return the same by the return day thereof.
The 4th section of the same article and chapter of the Revised Statutes enacts, that “ any sheriff or other like officer, in whose hands a writ of execution is placed to do execution thereof, who fails to return the same to the office whence it issued, for thirty days after the return day of the same, without reasonable excuse for such failure, shall, with his sureties or the personal representatives, heirs, or devisees, be liable, jointly or severally, to the plaintiff in such execution for the amount thereof, and thirty per centum damages thereon, and costs of recovery.”
The existence of this section does not at all militate against our consti-uction of the other. Undoubtedly the writ of execution spoken of is the same in each. But the delinquencies intended to be prevented and punished, and the extent and mode of punishment, are very different.
*589 In the second section, the failure is to return the execution by the return day thereof. The punishment is a fine not exceeding fifty dollars. The officer only is subjected to the fine.
The delinquency mentioned in the fourth section is different, and of a higher grade. It is a failure to return the execution for thirty days after the return day of the same, without reasonable excuse for such failure. The penalty is, liability for the amount of the execution, and thirty per centum damages thereon, and costs of recovery. And the sureties of the sheriff, equally with himself, are made liable to this severe penalty.
It seems to us that the judgment of the circuit court is clearly erroneous.
Wherefore, the same is reversed, and the cause remanded for further proceedings in conformity to this opinion.